UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NNETE MATIMA,<br><br>Plaintiff,<br><br>-v-<br><br>BYTEDANCE INC. *et al.*,<br><br>Defendants. | 25 Civ. 10213 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On May 6, 2026, Valli Kane & Vagnini LLP (the "Firm") filed a motion to withdraw as plaintiff Nnete Matima's counsel. Dkt. 40. The Court initially suspended briefing on the motion pending resolution of the motions to compel arbitration. Dkt. 44. On September 11, 2026, this Court denied those motions, Dkt. 51, and instructed the Firm to notify the Court whether it maintained its motion to withdraw, Dkt. 52, as the Firm confirmed on September 17, 2026, Dkt. 53. On September 24, 2026, Matima opposed the motion. Dkt. 57 ("Opp."). On October 1, 2026, the Firm replied. Dkt. 63 ("Reply").

For the reasons stated below, the Court will grant the motion to withdraw, effective 30 days from today.

In weighing whether to grant a motion to withdraw under Local Civil Rule 1.4, courts consider "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *De Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020) (quoting *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15 Civ. 10002, 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)). Satisfactory reasons for withdrawal include "the existence of an irreconcilable conflict between attorney and client." *PWV Consultants LLC v. Chebil Realty*

*LLC*, 20 Civ. 9030, 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022) (internal citation omitted); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (same). "Ultimately, the decision whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *PWV Consultants LLC*, 2022 WL 20527354, at *2 (cleaned up).

Based on the parties' submissions, it is evident that the relationship between the Firm and Matima has so completely broken down that the Firm cannot realistically provide Matima with effective representation. Dkts. 57, 63. The Court therefore will grant the motion to withdraw. *See, e.g.*, *Hallmark Cap. Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839, 1997 WL 661146, at *2–3 (S.D.N.Y. Oct. 21, 1997) (granting motion to withdraw due to breakdown in attorney-client relationship); *Topalli v. Multiple Sclerosis Rsch. Ctr. of New York*, No. 8 Civ. 8162, 2010 WL 11711088, at *4 (S.D.NY. Feb. 17, 2010) (same); *Ameruso v. City of New York*, No. 15 Civ. 3381, 2016 WL 1697602, at *2 (S.D.N.Y. Apr. 27, 2016) ("A deterioration in the attorney-client relationship can provide adequate ground for withdrawal even where the client objects.").

The Court hereby extends the stay of all litigation activity in this case for the next 30 days, until November 4, 2026. That is to give Matima additional time to attempt to secure (1) alternative counsel and (2) access to the Electronic Case Filing (ECF) system, which will be essential if she is to proceed *pro se*. In the meantime, the Firm remains counsel to Matima, for the limited purpose of enabling, if necessary, the Court to communicate with her pending her gaining access to ECF. On that date, the Court will grant the motion to withdraw.

The Court directs Matima to file a notice of appearance on the public docket of this case, containing her email address, and submit a request to file via ECF. To the extent Matima requires assistance, she shall contact this District's *Pro Se* Office at (212) 805-0175. If by

November 4, 2026, new counsel has not appeared for Matima and Matima has not filed a notice of appearance on the public docket, the Court will dismiss this case, without prejudice.

The Court directs the Firm is to serve this order forthwith on Matima, and to file a letter on the docket of this case attesting to the timing and means of this service.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: October 5, 2026
New York, New York